Haynes, J.
As far as the motion for leave to file a petition in error in this case is concerned, our decision turns upon the definition we give a single word. In section 2235, Revised Statutes, it provides in the amended section, that—
“When it is deemed necessary by any municipal corporation to appropriate private property as hereinbefore provided, the council, board of legislation or other legislative body, as the case may be, shall order by a yea and nay vote, of which due record shall be made and kept, a resolution prepared declaring such intent, defining therein the purpose of the appropriation, and setting forth a pertinent description of the property designed to be appropriated; and immediately upon the introduction of such a resolution, and before the passage of the same, the mayor of the corporation shall cause written notice of such resolution to be given to the owner or owners of every piece of property sought to be appropriated, or to his, her or their authorized agent.”
The question is — who is the owner? We have no doubt ourselves but that it means the person who is the legal owner of the property.
Before Judge King was on the bench, as a member of this court, we had to go through very long, full and hard-fought oases in the city of Toledo, where the question of ownership *645 was fully discussed, but nobody at that time suggested that a mortgagee was an owner, or was tc be notified.* In that case the question arose under section 2502, Revised Statutes, which provides that:
“No such grant, as mentioned in said preceding section, shall be made, except to the corporation, individual or individuals, that will agree to carry passengers upon such proposed railroad at the lowest rates of fare, and shall have previously obtained the written consent of a majority of the property holders upon each street or part thereof, on th9 line of the proposed street railroad, represented by the feet front of the property abutting on the several streets alcng which the road is proposed to be constructed;’’ * * *
It seems to us to be very strange that in the present case all lienholders should be notified or required to give their consent to the resolution fcr the appropriation, or should be consulted in regard to it. The village council is dealing with the owners of the property, and it is sufficient if these owners receive notice. We are of the opinion that the court therefore erred in the holding that the mortgagees were necessary parties to be notified of the resolution before the passage cf the same.
Tbe resolution had been passed and proceedings had been commenced, and the mortgagees had been brought into court and became parties tc the suit and proceeded along with the other defendants until arriving at a certain stage of the case, when they filed their motion to dismiss the case because they did not receive notice before its passage that the resolution was pending before the common council.
We think they are too late to ask for dismissal. If they had any rights, these should have been presented as soon as they were brought into court. We think the court erred in dismissing the action; we therefore allow the filing of the petition in error,and if counsel has no desire tc be heard on behalf of the mortgagees, we will proceed to render a final judgment.
(Counsel for mortgagees stated that they did not desire to be heard further, and the court proceeded as follows):
Judgment may be entered reversing the action of the court of common pleas and remanding the cause for further proceedings.
We see no reason why it should be required that Mr.Stim *646 mel should have notice in the precise form mentioned in the statute, providing he had notice of the fact that the resolution was pending before the council. There is no mystery about this matter. The prevision of the statute is that he shall have notice, and if he has notice, that is sufficient. The Haibeck case pointed out that a certain notice should be published; that notice was not published. In this proceeding Stimmel had actual notice,though it was not given in the precise form of the statute. We think the notice was sufficient.
L. W. Hull, E. G. Love and W. H. A. Read, for Plaintiff in Error.
Scott, Stahl and Paul Jones, for Defendants in Error.

(*See 8 C. C., 535.)